E-FILED
Monday, 03 April, 2023  10:12:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW WRIGHT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-3276 |
| | ) | |
| ANDREW McCARTNEY and | ) | |
| BEARDSTOWN POLICE DEPT., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff has filed a complaint pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated during an arrest. Plaintiff was not incarcerated at the time he filed his complaint and therefore his claims are not subject to the Prison Litigation Reform Act or review pursuant to 28 U.S.C. §1915A.

However, Plaintiff seeks leave to proceed in forma pauperis. [4]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff has demonstrated he is unable to pay the filing fee.

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the

filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff specifically alleges the Beardstown Police Department and Officer Andrew McCartney violated his constitutional rights. Plaintiff says Officer McCartney intentionally applied handcuffs backwards and so tightly they cut off circulation to his wrists. The Officer then threw Plaintiff to the ground knowing his hands were cuffed, causing injuries to Plaintiff. Plaintiff says he received several cuts and bruises, stiches in his lip, and a damaged tooth as a result.

Plaintiff has adequately alleged Defendant McCartney used excessive force during the arrest of the Plaintiff. A claim of excessive force which occurred during an arrest is analyzed pursuant to the Fourth Amendment, not the Eighth Amendment. *See Turner v. City of Champlain*, 979 F.3d 563, 567 (7th Cir. 2020).

The claim against the Beardstown Police Department is dismissed because the police department is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011); *Banister v. South Holland Police Department*, 2017 WL 2813660, at *3 (N.D.Ill. June 29, 2017).

Unfortunately, Plaintiff's complaint does not provide the date of his arrest. Plaintiff must provide the date or approximate date in order to provide proper notice of his claims. Therefore, the Court will require Plaintiff to provide the date of the alleged incident in writing within 14 days.[1]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Officer Andrew McCartney used excessive force against the Plaintiff during an arrest. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

---

[1] Without the date, it is also unclear whether Plaintiff filed his claims within the required two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992*); Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). However, the statute of limitations is an affirmative defense. *See* Fed.R.Civ.P. 8(c); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir.2003). Therefore, a plaintiff need not address the issue in his complaint.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) PLAINTIFF MUST PROVIDE THE DATE OR APPROXIMATE DATE OF THE INCIDENT ALLEGED IN HIS COMPLAINT IN WRITING WITHIN 14 DAYS OF THIS ORDER OR ON OR BEFORE APRIL 17, 2023.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Beardstown Police Department for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Grant Plaintiff's Motion to Proceed IFP, [4]; 3) Attempt service on Defendant McCartney pursuant to the standard procedures; 4) Set an internal court deadline 60 days from**

**the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 3rd day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE